### JOSEPH FISHER *v.* ESTATE OF NATHAN KINASTON.

A. and B. owned and occupied, as tenants in common, land subject to the payment of annual rent, and divided the profits between them from year to year.  Subsequently they sold the land and divided the avails between them, and promised the vendee that they would pay all rent in arrear.  A., being subsequently called upon to pay the rent in arrear, paid the same; and, B. having deceased, it was held, that A. might recover against his estate, for one half the amount so paid, upon a declaration in *indebitatus assumpsit* for money paid.

APPEAL from the decision of the commissioners appointed by the probate court to adjust the claims against the estate of Nathan Kinaston, deceased.   In the county court the plaintiff filed a declaration, containing a count on book account, and also counts in *indebitatus assumpsit* for money had and received, money lent, and money

paid, laid out and expended. On the count upon book account judgment to account was rendered, and an auditor was appointed, who reported the facts as follows.

The plaintiff and Nathan Kinaston were joint owners of land subject to an annual rent to the Caledonia county grammar school, and occupied the same for five years, dividing the profits between them. They then sold the land to one Powers, and divided the proceeds between them, and agreed to pay all rent in arrear at that time. Subsequently the plaintiff was called upon for rent in arrear, which accrued during their joint occupation of the premises, and gave his individual note therefor, and subsequently paid the same; and the auditor reported, that one half of the sum so paid, with the interest, amounted to seventeen dollars and ninety seven cents. Kinaston, before his decease, was informed by the plaintiff, that he had given his note for the rent in arrear.

The county court,—REDFIELD, J., presiding,—rendered judgment for the defendant upon the report. It was then agreed, that the facts stated in the report were applicable to the counts in assumpsit; and the county court thereupon rendered judgment for the defendant upon that branch of the case. Exceptions by plaintiff.

*C. Davis* for plaintiff.

1. No request by the plaintiff to Kinaston, to pay the back rents, was necessary, and no promise to contribute was necessary. The privity of estate between the parties, and the privity of contract, growing out of the sale to Powers and the indemnity against rent in arrear, created a joint liability to pay the rent, and either party might properly pay the whole amount and call upon his co-contractor for contribution. 1 Bouvier's Law Dict. 344. 6 Pick. 179. *Brinley* v. *Kupfer*, 6 Pick. 179. *Munroe* v. *Luke*, 1 Met. 459. *Fanning* v. *Chadwick*, 3 Pick. 420.

2. There can be no objection to maintaining assumpsit in this case, growing out of the fact, that the parties were joint owners of the premises. It was a single, isolated matter, arising after the close of the joint tenancy by the sale to Powers; no counter liabilities existed, which were liable to come against the defendant; all previous dealings in common, as to each other and as to third persons, appear to have ceased; and, above all, Kinaston had deceased,

and the claim, whether legal, or equitable, was prosecuted in the only way open to the plaintiff. *Hunt* v. *Gookin et al.,* 6 Vt. 462.

*J. R. Skinner* for defendant.

The plaintiff's only remedy is by action of account. Rev. St. 219, § 1. 1 Chit. Pl. 244. *Mumford* v. *Brown,* 6 Cow. 475. 4 Kent 370. 16 Vt. 169. *Sherman* v. *Ballou,* 8 Cow. 304. The fact, that the money was paid by the plaintiff after the relation of tenants in common, so far as the joint ownership and occupancy of the land was concerned, had ceased, can make no difference. The interest in common continues, for the purpose of collecting and paying debts, with all the incidents belonging to that estate. *Murray* v. *Mumford,* 6 Cow. 441.

If the relation of tenants in common had ceased for all legal purposes, then the liability for the rent was joint and several; and if the plaintiff paid the rent, he cannot maintain book account for contribution.

The opinion of the court was delivered by

KELLOGG, J. From the facts detailed in the bill of exceptions it is manifest, that, at the time of the sale and conveyance, by the plaintiff and Nathan Kinaston, to Powers, of the land referred to in the bill of exceptions, there was rent due and in arrear, which was a lien upon the premises, and which the plaintiff and Kinaston, upon that occasion, jointly obligated themselves to pay. It was a joint liability, which they were equally bound to discharge. That liability having been discharged by the plaintiff, by payment of the account, it gave him a just claim for contribution from Kinaston's estate. This proposition would seem to be obvious. Indeed, it was admitted in the argument. If, then, the plaintiff is entitled to recover the amount of this claim in either of the forms of action, to which he has resorted, (for both appear to have been instituted for the sole purpose of enforcing payment of this claim,) then the judgment of the county court is erroneous and should be reversed.

But it is urged in argument, that, inasmuch as the plaintiff and Kinaston were tenants in common of the premises during their occupancy of them, and inasmuch as the claim of the plaintiff arises by reason of rent which accrued during their joint occupancy, it

cannot be recovered in the action of book account, or assumpsit. Without stopping to inquire whether this *conclusion* would follow from the premises assumed, it is sufficient to say, that we do not think the *premises* are warranted by the facts in the case. Upon the sale to Powers the joint occupancy, or tenancy in common, of the parties, ceased. They had from year to year, during their occupancy, divided the profits of the estate, and, upon their sale to Powers, divided the purchase money; and it does not appear, that any claims, growing out of their joint occupancy of the land, remained unadjusted between them. This joint undertaking to pay the back rent was entered into at the time of the conveyance to Powers and after the joint occupancy of the land had ceased. It was a single, isolated matter, and, so far as appears by the case, the only matter, which then remained between them.

If the plaintiff and Kinaston had then, under the circumstances above referred to, executed their joint promissory note for the amount of the rent, and the same had been subsequently paid by the plaintiff, it can hardly be doubted, I apprehend, but that *assumpsit* for money paid would well lie against Kinaston for contribution; and if it would lie in that case, we are of opinion, that it would equally well lie in the present case.

From the view which we have taken of the case and the result to which we have come, it becomes unnecessary to consider the exceptions, which have been taken to the action of book account. We are all of opinion, that the plaintiff is entitled to recover the amount of his claim in the action of assumpsit; and consequently the judgment of the county court must be reversed and judgment entered for the plaintiff. And as the amount of the plaintiff's claim has been ascertained, judgment will be entered for that sum and the case remitted to the probate court.